■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEWNON A. FLAX, Appellant, v JOHN J. DONELLI, as Superintendent of Bare Hill Correctional Facility, Respondent. [843 NYS2d 470]—Ap-

peal from a judgment of the Supreme Court (Feldstein, J.), entered September 21, 2006 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted of rape in the first degree with respect to one victim, and robbery in the second degree and burglary in the second degree with respect to a second victim. He was sentenced, respectively, to concurrent terms of 12½ to 25 years, 7½ to 15 years and 7½ to 15 years in prison. The Appellate Division, Fourth Department subsequently ruled that consecutive sentences should have been imposed under Penal Law § 70.25 (2-b) in the absence of mitigating circumstances (*People v Flax*, 155 AD2d 894 [1989], *lv denied* 76 NY2d 734 [1990]). Consequently, it vacated the sentence and remanded the matter for resentencing. Petitioner was thereafter resentenced to the same terms of imprisonment; however, the sentences for the robbery and burglary convictions were directed to run concurrent to one another and consecutive to the sentence imposed on the rape conviction. Petitioner brought the instant habeas corpus proceeding challenging the resentencing. Supreme Court dismissed the petition without a hearing, resulting in this appeal.

We affirm. Petitioner's challenge to the resentencing could have been raised on direct appeal or in a CPL article 440 motion. Inasmuch as he failed to do so, habeas corpus relief is unavailable (*see People ex rel. Warren v Artus*, 17 AD3d 896, 896-897 [2005], *lv denied* 5 NY3d 705 [2005]; *People ex rel. Johnson v Lacy*, 243 AD2d 915 [1997], *lv denied* 91 NY2d 806 [1998]). Therefore, Supreme Court properly dismissed the petition.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.